# UNITED STATES DISTRICT COURT
## Central District of California

Angelita "Angela" Valles

**BILL OF COSTS** (LOCAL RULE 54-4)

V.

Case Number:

Victor Valley WRA, et seq.

Judgment having been entered in the above entitled action on ___8/31/17___ against Plaintiff Valles ,
Date

the Clerk is requested to tax the following as costs:

| | |
|---|---|
| Filing fees: see L.R. 54-4.1 ................................................... | $_____ |
| Fees for service of process: see L.R. 54-4.2 ................................. | _____ |
| United States Marshal's fees: see L.R. 54-4.3 ................................ | _____ |
| Clerk's fees: see L.R. 54-4.4 ................................................ | _____ |
| Report's transcripts: see L.R. 54-4.5 ....................................... | _____ |
| Depositions: see L.R. 54-4.6 ................................................. | 2,089.20 |
| Witness fees (itemize on page 2): see L.R. 54-4.7 ........................... | _____ |
| Interpreter's and translator's fees: see L.R. 54-4.8 ....................... | _____ |
| Docket fees: see L.R. 54-4.9 ................................................ | 4.80 |
| Masters, commissioners and receivers: see L.R. 54-4.10 ..................... | _____ |
| Certification, exemplification and reproduction of documents: see L.R. 54-4.11 .... | _____ |
| Premiums on bonds and undertakings: see L.R. 54-4.12 ....................... | _____ |
| Other Costs: see L.R. 54-4.13 ............................................... | _____ |
| State Court costs: see L,R, 54-4.14 ......................................... | _____ |
| Costs on appeal: see L.R. 54-5 .............................................. | _____ |
| Cost of a bankruptcy appeal to the District Court: see L.R. 54-6 ........... | _____ |

Other (please itemize)

_____
_____
_____

TOTAL  $ 2,094.00

**NOTE TO PARTIES SUBMITTING BILL OF COSTS:** Attach to the bill of costs an itemization and documentation supporting all requested fees and costs.  Documentation includes receipts, orders and stipulations.  All receipts must be self-explanatory.

---

## DECLARATION

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed.  A copy of this bill has been served on all parties in the following manner:

☒ Electronic service by e-mail as set forth below and/or.
☐ Conventional service by first class mail, postage prepaid as set forth below

s/ Attorney:  __s/ Dennis Walsh__

Name of Attorney: Dennis J. Walsh, Walsh & Assoc., 16633 Ventura Blvd. 800, Encino
CA
91436

Costs are taxed in the amount of  _____

_____  By: _____  _____
Clerk of Court                      Deputy Clerk                    Date

American LegalNet, Inc.
www.FormsWorkFlow.com

| WITNESS FEES (computation, cf. 28 U.S.C. 1821 for statutory fees) | | | | | | | |
|---|---|---|---|---|---|---|---|
| NAME, CITY AND STATE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | TOTAL | | |

American LegalNet, Inc.
www.FormsWorkFlow.com

## INSTRUCTIONS AND NOTICES REGARDING BILL OF COSTS

**SPECIAL NOTE**: An itemization <u>and</u> documentation to support the claims made in all categories shall be attached to the Application for Bill of Costs. Documentation shall include receipts, orders and stipulations of the parties. The claiming party shall ensure that receipts are self-explanatory (i.e. receipts for service to include the name of the individual). The Clerk's designee may disallow any expenses that do not have supporting documentation. It is the claiming party's responsibility to ensure that the total cost requested in all categories on Form CV-59 reflects the same total of the documentation submitted in support thereof. The Clerk's designee shall allow such items specified in the application which are properly recoverable as costs.

**PROCEDURE FOR FILING BILL OF COSTS**: **Local Rule 54-3.** Within (15) days after the entry of judgment, the party entitled to costs shall electronically file a Notice of Application to the Clerk to Tax Costs and shall attach a proposed Bill of Costs on Form CV-59. The Bill of Costs and the Notice of Application to the Clerk to Tax Costs shall be prepared as two separate documents. All costs shall be specified so that the nature of the claim can be readily understood. The Bill of Costs will be electronically filed by the Clerk once determination of allowable costs are made.

**APPEARANCE REQUIREMENTS: Local Rule 54-3.2.** The date and time for taxation of costs by the Clerk shall be not less than fourteen (14) nor more than twenty-one (21) days from the date notice is given to the other parties. If no objections to the Bill of Costs are filed in compliance with L.R. 54-7, then no appearance by counsel is required. In the absence of a timely objection, any item listed may be taxed as requested in the Bill of Costs. When an objection is filed, the Clerk may determine that no hearing is required and the parties will be so notified. If a hearing is to be held, the Clerk may specify the form of the hearing and determine if telephonic appearances are appropriate. For further details, please consult the Bill of Costs Handbook available on the court's website.

**Section 1924, Title 28, U.S. Code (effective September 1, 1948):** Verification of bill of costs. Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

**Section 1920 of Title 28, which reads in part as follows:** A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

**The Federal Rules of Civil Procedure contain the following provisions:**

**Rule 54(d)(1)**
Costs Other than Attorney's Fees. Unless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 day's notice. On motion served within the next 7 days, the court may review the clerk's action.

**Rule 6(d)**
Additional Time After Certain Kinds of Service. When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E) or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

**Rule 58(e)**
Cost or Fee Awards. Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

American LegalNet, Inc.
www.FormsWorkFlow.com

**HAHN & BOWERSOCK**
*A VERITEXT COMPANY*

**Veritext Corp**
**Hahn & Bowersock Division**

20 Corporate Park, #350
Irvine CA 92606
Tel. 800.660.3187 Fax. 714.662.1398
Fed. Tax ID: 20-3132569

| | |
|---|---|
| **Bill To:** Dennis J. Walsh, Esq.<br>Walsh & Associates<br>16633 Ventura Blvd.<br>Suite 800<br>Encino, CA, 91436-1867 | **Invoice #:** OC2907214<br>**Invoice Date:** 3/11/2017<br>**Balance Due:** $2,089.20 |

| | |
|---|---|
| **Case:** | Angelita Valles v. Victor Valley Wastewater Reclamation Authority |
| **Job #:** | 2546424 | Job Date: 2/22/2017 | Delivery: Normal |
| **Billing Atty:** | Dennis J. Walsh, Esq. |
| **Location:** | Best Best & Kreiger |
| | 3390 University Ave. | 5th Floor | Riverside, CA 92501 |
| **Sched Atty:** | Dennis J. Walsh, Esq. | Walsh & Associates |

| Witness | Description | Amount |
|---|---|---|
| Angelita Valles | Original with 1 Certified Transcript | $2,064.20 |
| | Shipping & Handling | $25.00 |

| Notes: | | |
|---|---|---|
| | **Invoice Total:** | $2,089.20 |
| | **Payment:** | $0.00 |
| | **Credit:** | $0.00 |
| | **Interest:** | $0.00 |
| | **Balance Due:** | $2,089.20 |

TERMS:   Payable upon receipt.  Accounts 30 days past due will bear a finance charge of 1.5% per month. Accounts unpaid after 90 days agree to pay all collection costs, including reasonable attorney's fees. Contact us to correct payment errors.  No adjustments will be made after 90 days. For more information on charges related to our services please consult http://www.veritext.com/services/all-services/services-information

**To pay online, go to**
**www.veritext.com**

Veritext accepts all major credit cards
(American Express, Mastercard, Visa, Discover)

Please remit payment to:
**Veritext**
**P.O. Box 71303**
**Chicago IL 60694-1303**

| | |
|---|---|
| **Invoice #:** | OC2907214 |
| **Job #:** | 2546424 |
| **Invoice Date:** | 3/11/2017 |
| **Balance:** | $2,089.20 |

48050

   

## BILLING HISTORY

Close

**Detailed Transaction Report by Date**
**California Central District Court**
**from 01/01/2016 to 04/01/2016**

Thu Sep 14 11:38:18 CDT 2017
dw0492

Back          New Search

| | | | | | Billing Transactions | | |
|---|---|---|---|---|---|---|---|
| Date | Time | Pages | Court | Client Code | Description | Search | Cost |
| 03/07/2016 | | | | | | | |
| 03/07/2016 | 13:01:35 | 4 | CACDC | VALLES | DOCKET REPORT | 5:15-CV-02297-VAP-SP END DATE: 3/7/2016 | $0.40 |
| 03/07/2016 | 14:39:13 | 7 | CACDC | VALLES | IMAGE24-0 | 5:15-CV-02297-VAP-SP DOCUMENT 24-0 | $0.70 |
| Subtotal: | | 11 | pages | | | $1.10 | |
| | | 0 | audio files ($2.40 ea) | | | $0.00 | |
| | | | | | | $1.10 | |
| 03/21/2016 | | | | | | | |
| 03/21/2016 | 09:59:03 | 5 | CACDC | VALLES | DOCKET REPORT | 5:15-CV-02297-VAP-SP END DATE: 3/21/2016 | $0.50 |
| Subtotal: | | 5 | pages | | | $0.50 | |
| | | 0 | audio files ($2.40 ea) | | | $0.00 | |
| | | | | | | $0.50 | |
| Grand Total: | | 16 | pages | | | $1.60 | |
| | | 0 | audio files ($2.40 ea) | | | $0.00 | |
| | | | | | | $1.60 | |

Back          New Search

 

## PACER
### PUBLIC ACCESS TO COURT ELECTRONIC RECORDS

**BILLING HISTORY**                                                                    [ Close ]

Detailed Transaction Report by Date
California Central District Court
from 04/01/2016 to 07/01/2016

Thu Sep 14 11:38:57 CDT 2017
dw0492

[ Back ]   [ New Search ]

| Date | Time | Pages | Court | Client Code | Description | Search | Cost |
|---|---|---|---|---|---|---|---|
| **Billing Transactions** | | | | | | | |
| 05/02/2016 | | | | | | | |
| 05/02/2016 | 13:48:12 | 1 | CACDC | VALLES | DEADLINE/HEARIN | 5:15-CV-02297-VAP-SP | $0.10 |
| 05/02/2016 | 16:56:26 | 27 | CACDC | VALLES | IMAGE30-0 | 5:15-CV-02297-VAP-SP DOCUMENT 30-0 | $2.70 |
| 05/02/2016 | 16:57:15 | 2 | CACDC | VALLES | IMAGE30-1 | 5:15-CV-02297-VAP-SP DOCUMENT 30-1 | $0.20 |
| 05/02/2016 | 16:59:43 | 5 | CACDC | VALLES | DOCKET REPORT | 5:15-CV-02297-VAP-SP END DATE: 5/2/2016 | $0.50 |
| 05/02/2016 | 17:00:39 | 2 | CACDC | VALLES | IMAGE29-1 | 5:15-CV-02297-VAP-SP DOCUMENT 29-1 | $0.20 |
| Subtotal: | | 37 | pages | | | $3.70 | |
| | | 0 | audio files ($2.40 ea) | | | $0.00 | |
| | | | | | | $3.70 | |
| 05/03/2016 | | | | | | | |
| 05/03/2016 | 12:46:37 | 10 | CACDC | VALLES | IMAGE29-0 | 5:15-CV-02297-VAP-SP DOCUMENT 29-0 | $1.00 |
| 05/03/2016 | 12:55:25 | 5 | CACDC | VALLES | DOCKET REPORT | 5:15-CV-02297-VAP-SP END DATE: 5/3/2016 | $0.50 |
| 05/03/2016 | 12:55:35 | 27 | CACDC | VALLES | IMAGE30-0 | 5:15-CV-02297-VAP-SP DOCUMENT 30-0 | $2.70 |
| 05/03/2016 | 12:56:11 | 5 | CACDC | VALLES | DOCKET REPORT | 5:15-CV-02297-VAP-SP END DATE: 5/3/2016 | $0.50 |
| Subtotal: | | 47 | pages | | | $4.70 | |
| | | 0 | audio files ($2.40 ea) | | | $0.00 | |
| | | | | | | $4.70 | |
| 05/24/2016 | | | | | | | |
| 05/24/2016 | 11:10:59 | 5 | CACDC | VALLES | IMAGE32-0 | | $0.50 |
| Grand Total: | | 116 | pages | | | $11.60 | |
| | | 0 | audio files ($2.40 ea) | | | $0.00 | |
| | | | | | | $11.60 | |

| Date | Time | Pages | Court | Client Code | Description | Search | Cost |
|------|------|-------|-------|-------------|-------------|--------|------|
| | | | | | | 5:15-CV-02297-VAP-SP DOCUMENT 32-0 | |
| 05/24/2016 | 11:30:35 | 13 | CACDC | VALLES | IMAGE21-0 | 8:15-CV-02158-MWF-DTB DOCUMENT 21-0 | $1.30 |
| 05/24/2016 | 11:31:19 | 14 | CACDC | VALLES | IMAGE20-0 | 8:15-CV-02158-MWF-DTB DOCUMENT 20-0 | $1.40 |
| Subtotal: | | 32 | pages | | $3.20 | | |
| | | 0 | audio files ($2.40 ea) | | $0.00 | | |
| | | | | | $3.20 | | |
| Grand Total: | | 116 | pages | | $11.60 | | |
| | | 0 | audio files ($2.40 ea) | | $0.00 | | |
| | | | | | $11.60 | | |

Back          New Search

WALSH & ASSOCIATES, APC
16633 Ventura Boulevard, Suite 800
Encino, CA 91436
Telephone: (818) 986-1776
Facsimile: (818) 382-2071
DENNIS J. WALSH, Esq. (State Bar No. 106646)
ALICE CHUNG, Esq. (State Bar No. 245166)

Attorneys for Defendants, VICTOR VALLEY
WASTEWATER RECLAMATION AUTHORITY
a public entity; LOGAN OLDS, a public entity
employee; RUSS BLEWETT, a public entity
employee

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| ANGELITA "ANGELA" VALLES, an individual;<br><br>       Plaintiff,<br><br>vs<br><br>VICTOR VALLEY WASTEWATER RECLAMATION AUTHORITY "VVWRA"; a Joint Powers Authority and Public Agency of the State of California; LOGAN OLDS, an individual; RUSS BLEWETT, an individual; and DOES 1-10, inclusive,<br><br>       Defendants. | Case No. 5:15-cv-02297-VAP-SP<br>Assigned to Hon. Virginia A. Phillips<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE PORTIONS OF FIRST AMENDED COMPLAINT RE: PUNITIVE DAMAGES**<br><br>[Fed. R. Civ. P. 12(f)(2), Local Rule 7-4]<br><br>DATE: March 21, 2016<br>TIME: 2:00 p.m.<br>COURTROOM: 2 |

**TO THE COURT, THE PARTIES, AND THEIR ATTORNEYS:**

Defendants, VICTOR VALLEY WASTEWATER RECLAMATION AUTHORITY ("VVWRA"), a public entity; LOGAN OLDS ("Olds"), a public entity employee; and RUSS BLEWETT ("Blewett"), a public entity employee, (collectively herein referred to as "Defendants") hereby bring the following Reply to

1

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE RE: PUNITIVE DAMAGES**

the Opposition of plaintiff, ANGELITA "ANGELA" VALLES ("Plaintiff") to the

Motion to Strike Portions of the First Amended Complaint ("FAC").

DATED: March 7, 2016                    WALSH & ASSOCIATES, APC

By: _____

DENNIS J. WALSH, ESQ.
ALICE CHUNG, ESQ.
Attorneys for Defendants, VICTOR
VALLEY WASTEWATER
RECLAMATION AUTHORITY a public
entity; LOGAN OLDS, a public entity
employee; RUSS BLEWETT, a public entity
employee

2

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO
STRIKE RE: PUNITIVE DAMAGES**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff, ANGELITA "ANGELA" VALLES ("Plaintiff") opposes the Motion to Strike Portions of the FAC of defendant VICTOR VALLEY WASTEWATER RECLAMATION AUTHORITY ("VVWRA"), LOGAN OLDS ("Olds"), a public entity employee, and RUSS BLEWETT ("Blewett"), a public entity employee.  Plaintiff contends that while government entities may be immune from punitive damages, she has pleaded enough facts to warrant relief for punitive damages against Mr. Olds and Mr. Blewett.

Defendants request this Court to sustain its Motion to Strike Portions of Plaintiff's FAC on the grounds that the allegations within the Plaintiff's FAC are redundant, immaterial, impertinent and scandalous.  As a matter of law, Plaintiff is barred from seeking punitive damages against VVWRA, a public entity. Additionally, Plaintiff fails to bring cognizable legal claims against Mr. Olds and Mr. Blewett in order to be entitled to punitive relief.

Therefore, Defendants respectfully request that the Court grant the Motion to Strike in its entirety.

## II.   PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES

Plaintiff makes the following allegations in support of her relief for punitive damages against Defendants:

1.   ¶80 – (p. 15, lines 13-18) – "DEFENDANT, by engaging in the aforementioned unlawful acts, practices and omissions alleged herein, and by ratifying such acts, engaged in intentional, reckless and willful, oppressive and malicious conduct, acted with willful and conscious disregard of Plaintiff's rights welfare and safety, and caused great harm to PLAINTIFF. Therefore, an award of punitive damages, sufficient to punish DEFENDANT and to serve as an example to deter them from similar conduct in the future, should be made."

2.   ¶3 – (p. 16, line 10) – "Order Defendants Blewett & Olds to pay

1

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE RE: PUNITIVE DAMAGES**

1    exemplary and punitive damages."

2    **IV.    ARGUMENT**

3         **A.    PLAINTIFF IS BARRED FROM SEEKING PUNITIVE**

4              **DAMAGES AGAINST VVWRA**

5         Plaintiff seeks punitive damages against all "defendants."  A Motion to Strike

6    may be used to challenge matters not otherwise subject to attack, such as punitive

7    damages.  This Motion addresses defects or objections to a pleading that cannot be

8    attacked by a Motion to Dismiss.  *See Fantasy, Inc. v. Fogerty*, 984 F2d 1524, 1527

9    (9th Cir. 1993), rev'd on other grounds in *Fogerty v. Fantasy, Inc.* 510 US 517, 534-

10   535 (1994); *Day v. Moscow*, 955 F2d 807, 811 (2nd Cir. 1992) (Rule 12(f) is

11   designed to excise material from pleadings).

12        Under Fed. R. Civ. P. 12(f), the court may strike from a pleading an

13   insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

14   The court may act: (1) on its own; or (2) on motion made by a party.  Fed. R. Civ. P.

15   12.  It is settled that a municipality or governmental entity is immune from punitive

16   damages.  *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

17   Therefore, a Motion to Strike is appropriate to strike improperly pled punitive

18   damages.

19        Punitive damages should be excised from the FAC, as they are not

20   recoverable against municipalities or municipal subdivisions absent express

21   statutory authority.  *City of Newport*, 453 U.S. at 271.  Further, "a motion to strike

22   may be used to strike any part of a prayer for relief when the damages sought are not

23   recoverable as a matter of law."  *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478

24   (C.D. Cal. 1996).  Orders striking portions of pleadings are proper, even if they are

25   not shown to be prejudicial to the moving party, if granting the motion will make the

26   trial less complicated or otherwise streamline the ultimate resolution of the action.

27   *Fantasy*, *supra,* 984 F2d at 1528.

28        VVWRA is a public entity, as Plaintiff acknowledges in the FAC and her

2

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO
STRIKE RE: PUNITIVE DAMAGES**

Opposition to Defendant's Motion to Strike.  Therefore, as a public entity, Plaintiff

may not recover punitive damages against VVWRA.

## B.  <u>PLAINTIFF MAY NOT SEEK PUNITIVE DAMAGES AGAINST MR. OLDS OR MR. BLEWETT</u>

Plaintiff's FAC is completely devoid of facts supporting punitive damages

against Individual Defendants.  Punitive damages are "available to a party who can

plead and prove the facts and circumstances set forth in Civil Code section 3294."

*Milliard v. A.H. Robins Co.*, 148 Cal.App.3d 374, 392 (1983).  "To support punitive

damages, the complaint... must allege ultimate facts of the defendant's oppression,

fraud, or malice."  *Cyrus v. Haveson*, 65 Cal.App.3d 306, 316-317 (1976).  Pleading

the language in section 3294 "is not objectionable when sufficient facts are alleged

to support the allegation."  *Perkins v. Superior Court*, 117 Cal.App.3d 1, 6-7 (1981).

In the case of *G.D. Searle & Co. v. Superior Court*, 49 Cal.App.3d 22, 29

(1975), the California Court of Appeal explained punitive damages pleading:

> When the plaintiff alleges an intentional wrong, a prayer for
> exemplary damage may be supported by pleading that the wrong was
> committed willfully or with a design to injure.... When nondeliberate
> injury is charged, allegations that the defendant's conduct was
> wrongful, willful, wanton, reckless or unlawful do not support a claim
> for exemplary damages; such allegations do not charge malice....
> When a defendant must produce evidence in defense of an exemplary
> damage claim; fairness demands that he receive adequate notice of the
> kind of conduct charged against him.

"Allegations that the acts ... were 'arbitrary, capricious, fraudulent, wrongful

and unlawful.' like other adjectival descriptions of such proceedings, constitute

mere conclusions of law ..."  *Faulkner v. California Toll Bridge Authority*, 40

Cal.2d 317, 329 (1953); *see Lehto v. Underground Construction Co.*, 69 Cal.App.3d

933, 944 (1977) (facts and circumstances of fraud should be set out clearly,

concisely, and with sufficient particularity to support punitive damages); *Smith v.

Superior Court*, 10 Cal.App.4th 1033, 1042 (1992) (punitive damages claim is

insufficient in that it is "devoid of any factual assertions supporting a conclusion

petitioners acted with oppression, fraud or malice."); *Brousseau v. Jarrett*, 73

3

1 Cal.App.3d 864. 872 (1977) ("conclusory characterization of defendant's conduct as

2 intentional, willful and fraudulent is a patently insufficient statement of 'oppression,

3 fraud, or malice, express or implied,' within the meaning of section 3294").

4      Importantly, punitive damages are never awarded as a matter of right. They

5 are disfavored by the law, and should be granted with the greatest of caution and

6 only in the clearest of cases. *Henderson v. Security National Bank*, 72 Cal.App.3d

7 764, 771 (1977).

8      In her FAC, Plaintiff makes no substantive allegations against Mr. Olds or

9 Mr. Blewett. Plaintiff's basis of recovery for punitive damages is predicated on a

10 vague allegation that Mr. Blewett made several disparaging remarks regarding

11 Hispanics and women. Plaintiff's FAC is devoid of any racially or gender-based

12 misconduct by Mr. Olds. Plaintiff cannot rely on conclusory allegations that Mr.

13 Olds and Mr. Blewett engaged in malicious, oppressive, or willful conduct towards

14 her. As a result, she has brought no actionable claims against the Individual

15 Defendants and cannot seek punitive damages against them. Thus, Defendants

16 request this Court sustain the Motion to Strike the following portions of Plaintiff's

17 FAC:

18     1.    ¶80 – (p. 15, lines 13-18) – "DEFENDANT, by engaging in the

19 aforementioned unlawful acts, practices and omissions alleged herein, and by

20 ratifying such acts, engaged in intentional, reckless and willful, oppressive and

21 malicious conduct, acted with willful and conscious disregard of Plaintiff's rights

22 welfare and safety, and caused great harm to PLAINTIFF. Therefore, an award of

23 punitive damages, sufficient to punish DEFENDANT and to serve as an example to

24 deter them from similar conduct in the future, should be made."

25     2.    ¶3 – (p. 16, line 10) – "Order Defendants Blewett & Olds to pay

26 exemplary and punitive damages."

27 ///

28 ///

4

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE RE: PUNITIVE DAMAGES**

## V.    CONCLUSION

Ultimately, Plaintiff is barred as a matter of law from seeking punitive damages against VVWRA and has presented no facts that support claims for punitive damages against Individual Defendants.    Therefore, Defendants respectfully request that the Court grant Defendants' Motion to Strike in its entirety.

DATED: March 7, 2016                    WALSH & ASSOCIATES, APC

By: _____

DENNIS J. WALSH, ESQ.
ALICE CHUNG, ESQ.
Attorneys for Defendants, VICTOR
VALLEY WASTEWATER
RECLAMATION AUTHORITY a public
entity; LOGAN OLDS, a public entity
employee; RUSS BLEWETT, a public entity
employee

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE RE: PUNITIVE DAMAGES**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| ANGELITA "ANGELA" VALLES, an individual;<br><br>         Plaintiff,<br><br>vs<br><br>VICTOR VALLEY WASTEWATER RECLAMATION AUTHORITY "VVWRA"; a Joint Powers Authority and Public Agency of the State of California; LOGAN OLDS, an individual; RUSS BLEWETT, an individual; and DOES 1-10, inclusive,<br><br>         Defendants. | Case No. 5:15-cv-02297-VAP-SP<br>Assigned to Hon. Virginia A. Phillips<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>[Fed. R. Civ. P. 12(b)(6), Local Rules 7-3, *et al.*]<br><br>DATE:     June 6, 2016<br>TIME:     2:00 p.m.<br>COURTROOM: 780 |

**TO THE COURT, THE PARTIES, AND THEIR ATTORNEYS:**

The Motion to Dismiss the second amended complaint of Plaintiff AGELITA "ANGELA" VALLES ("plaintiff") by Defendants, VICTOR VALLEY WASTEWATER RECLAMATION AUTHORITY ("VVWRA"), a public entity; LOGAN OLDS ("Olds"), a public entity employee; and RUSS BLEWETT

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

("Blewett"), a public entity employee, (collectively herein referred to as "Defendants") was heard on June 6, 2016, at 2:00 p.m., in Courtroom 780, by this Court. Having considered all papers filed in support and in opposition of the Motion, arguments of counsel, and all other pleadings and papers on file, the Court finds as follows:

1. Plaintiff has failed to assert sufficient facts to support a cognizable legal theory of racial harassment against Defendant Olds.

2. Plaintiff has failed to identify a cognizable legal theory of failure to prevent harassment as it applies to Defendant Olds.

3. Plaintiff cannot maintain a cause of action for gender harassment because Plaintiff was not granted leave to assert an additional legal theory.

4. Plaintiff's cannot maintain her second cause of action for gender and racial harassment against any defendant.

Good cause appearing therefore, **IT IS HEREBY ORDERED THAT**:

1. Defendants' Motion to Dismiss is **GRANTED**.

DATED:_____, 2016

_____
The Honorable Virginia A. Phillips
United States District Judge

2

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

1  WALSH & ASSOCIATES, APC
   16633 Ventura Boulevard, Suite 800
2  Encino, CA 91436
   Telephone: (818) 986-1776
3  Facsimile: (818) 382-2071
   DENNIS J. WALSH, Esq. (State Bar No. 106646)
4  dwalsh@walshlawyers.com
   ALICE CHUNG, Esq. (State Bar No. 245166)
5  ahchung@walshlawyers.com

6  Attorneys for Defendants, VICTOR VALLEY
   WASTEWATER RECLAMATION AUTHORITY
7  a public entity; LOGAN OLDS, a public entity
   employee; RUSS BLEWETT, a public entity
8  employee

9                    UNITED STATES DISTRICT COURT

10        CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

11

12
   ANGELITA "ANGELA" VALLES,          Case No. 5:15-cv-02297-VAP-SP
13 an individual;                     Assigned to Hon. Virginia A. Phillips

14              Plaintiff,            **MOTION TO DISMISS PLAINTIFF'S**
                                      **SECOND AMENDED COMPLAINT;**
15 vs                                 **DECLARATION OF JOHN L.**
                                      **FUENTES, ESQ. IN SUPPORT**
16                                    **THEREOF**

17                                    [Fed. R. Civ. P. 12(b)(6), 12(e), Local Rules
   VICTOR VALLEY                      7-3, *et al.*]
18 WASTEWATER RECLAMATION
   AUTHORITY "VVWRA"; a Joint
19 Powers Authority and Public Agency
   of the State of California; LOGAN
20 OLDS, an individual; RUSS          DATE:        June 6, 2016
   BLEWETT, an individual; and        TIME:        2:00 p.m.
21 DOES 1-10, inclusive,              COURTROOM:  780

22
                Defendants.
23

24 **TO THE COURT, THE PARTIES, AND THEIR ATTORNEYS:**

25     Defendants,  VICTOR  VALLEY  WASTEWATER  RECLAMATION

26 AUTHORITY ("VVWRA"), a public entity; LOGAN OLDS ("Olds"), a public

27 entity employee; and RUSS BLEWETT ("Blewett"), a public entity employee,

28

                                      1
   **MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

(collectively herein referred to as "Defendants") hereby bring the following Motion to Dismiss regarding the Second Amended Complaint of plaintiff, ANGELITA "ANGELA" VALLES ("Plaintiff"). The Motion to Dismiss will be heard on June 6, 2016, at 2:00 p.m., in Courtroom 780, located at 255 East Temple Street, Los Angeles, CA 90012.

## MOTION TO DISMISS

Defendants bring a Motion to Dismiss under Rule 12(b)(6), as dismissal is proper where there is a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F2d 696, 699 (9th Cir. 1990). Plaintiff has not brought a legally cognizable theory against Mr. Olds for racial harassment and was not granted leave to include a claim of gender harassment.

DATED: May 2, 2016

WALSH & ASSOCIATES, APC

By: _____

DENNIS J. WALSH, ESQ.
ALICE CHUNG, ESQ.
Attorneys for Defendants, VICTOR VALLEY WASTEWATER RECLAMATION AUTHORITY a public entity; LOGAN OLDS, a public entity employee; RUSS BLEWETT, a public entity employee

**MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff, ANGELITA "ANGELA" VALLES ("Plaintiff"), is an employee of defendant VICTOR VALLEY WASTEWATER RECLAMATION AUTHORITY ("VVWRA"). She alleges that LOGAN OLDS ("Olds") and RUSS BLEWETT ("Blewett"), employees of VVWRA, harassed, discriminated, and retaliated against her based on her race, gender, and reporting of several statutory violations by VVWRA employees. In her Second Amended Complaint, Plaintiff brings the following claims against VVWRA, Mr. Olds, and Mr. Blewett (collectively herein, "Defendants"): (1) Discrimination in violation of 42 U.S.C § 1983; (2) Racial and Gender Harassment in violation of California Govt. Code §12940(j)(3) & (k); (3) Failure to Prevent Harassment, Discrimination and Retaliation in violation of California Govt. Code §12940(k); and (4) Disparate Treatment in violation of California Govt. Code §12940(a).

On March 25, 2016, this Court issued an order granting in part, denying in part Defendants' motion to dismiss Plaintiff's first amended complaint ("FAC"). This Court granted Plaintiff leave to amend her FAC by April 11, 2016. Plaintiff filed her second amended complaint ("SAC") on April 11, 2016. However, the Court did not allow leave to amend to add a cause of action for gender harassment, which Plaintiff added within her second cause of action. Further, Defendants have not consented to this addition, which is a violation of Rule 15(a)(2). Therefore, the Court should dismiss the second cause of action in its entirety or in part.

Additionally, Plaintiff's SAC fails to allege any facts of racial harassment by Mr. Olds. As such, all claims predicated on racial harassment by Mr. Olds should be dismissed without leave to amend. Additionally, VVWRA cannot be held liable for failure to prevent harassment by Mr. Olds as no harassment existed. Therefore, Defendants also move to dismiss Plaintiff's failure to prevent harassment claim as it pertains to Mr. Olds.

1

**MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants respectfully request that the Court grant its motion to dismiss in its entirety.

## II. COMPLIANCE WITH LOCAL RULE 7-3

This motion is made following a good faith attempt to meet and confer with Plaintiff's counsel pursuant to L.R. 7-3. On April 12, 2016, Defendants' counsel sent Plaintiff's counsel a meet and confer letter requesting a conference in lieu of filing a motion to dismiss Plaintiff's second amended complaint ("SAC"). Plaintiff's counsel never responded. Defendants' counsel followed up again on April 21, 2016 stating that a conference should be held by April 25, 2016 per L.R. 7-3. Plaintiff's counsel never responded. Per the lack of response, it appears that the SAC cannot be cured upon further amendment. As such, Defendants filed this motion to dismiss. (Declaration of John L. Fuentes, Esq. (hereinafter, "Decl.").)

## III. PLAINTIFF'S ALLEGATIONS

Plaintiff is a Hispanic female of Mexican descent and an employee of defendant VVWRA. (SAC, ¶ ¶7, 13.) Plaintiff has held political office and has frequently prevailed against white male republicans. (SAC, ¶¶14, 15.)

Mr. Olds is a general manager at VVWRA. (SAC, ¶9.) Mr. Blewett is a member of the Board of Commissioners at VVWRA. (*Id.*) Plaintiff alleges that Mr. Olds and Mr. Blewett have created a policy of disparate treatment towards women and minorities. (SAC, ¶19.) Plaintiff claims to be an outspoken of opponent of sexual harassment in the workplace. (SAC, ¶24.)

Plaintiff alleges that VVWRA has failed to correct a pervasive environment of harassment. (SAC, ¶30.) Plaintiff claims that she has been subjected to a continuing pattern of harassment based on her sex, race, and gender. (SAC, ¶37.) Plaintiff contends that Mr. Olds has harassed her on the basis of her race and gender/sex. (SAC, ¶46.)

In March 2015, several VVWRA employees lodged harassment complaints against members of management, including Plaintiff, Mr. Olds, and Gilbert Perez

**MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

("Perez").   (SAC, ¶53.)   Plaintiff alleges that Mr. Olds placed her on paid administrative for five months as a result of the complaint. (SAC, ¶54.)  Plaintiff alleges that her paid administrative leave was another form of harassment and discrimination. (SAC, ¶58.)

On or about June 2015, Plaintiff was allowed to return to work because after an investigation was conducted it was determined that the complaints were unfounded.  (SAC, ¶65.)  Plaintiff contends that upon her return to work she was demoted from Director of Administration to Director of Finance. (SAC, ¶66.)

## IV.   ARGUMENT

### A.   MOTION TO DISMISS

A Rule 12(b)(6) Motion and dismissal are proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F2d 696, 699 (9th Cir. 1990).  Here, there is an absence of sufficient facts to support a cognizable legal theory against Mr. Olds.   Fed. R. Civ. P.  1 requires that the federal rules be applied to secure the "the just, speedy and inexpensive determination of every action," and Fed. R. Civ. P.  8 requires a "short and plain statement" of the claim.  Fed. R. Civ. P. 1 and 8 can provide an independent basis for striking some or all of a complaint. Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 9-G.

#### 1.   Plaintiff's  FEHA  Gender  Harassment  and  Racial Harassment Claim Should be Dismissed in Its Entirety

Plaintiff disingenuously and deceivingly included a gender harassment claim, within her second cause of action for racial harassment, without the Court's approval or Defendants' consent.  On March 25, 2016, this Court granted and denied in part Defendants' motion to dismiss Plaintiff's FAC, granting Plaintiff leave to amend her complaint by April 11, 2016.  However, this Court did not grant Plaintiff leave to amend her complaint to include a gender harassment claim.  Plaintiff did not obtain Defendant's written consent to add this claim either.

3

**MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

1         Pursuant to rule 15(a) (2), Plaintiff cannot amend her complaint without the

2 "opposing party's consent or the court's leave."  (Fed R. Civ. Pro., Rule 15(a)(2).)

3 As Plaintiff did not receive court approval or Defendants' consent to add a gender

4 harassment claim, Defendants move to dismiss her gender harassment claim against

5 all Defendants.

6         Moreover, due to Plaintiff's deceit in adding a cause of action for gender

7 harassment without Court or Defendants' approval, Defendants request this Court to

8 dismiss the second cause of action for gender and racial harassment in its entirety.

9 In the alternative, if this Court does not grant Defendants' motion to dismiss this

10 second cause of action in its entirety, Defendants move to dismiss Plaintiff's gender

11 harassment claim against all defendants and racial harassment claim as it pertains to

12 Mr. Olds.

13         It is plainly clear that Plaintiff fails to assert sufficient facts demonstrating

14 that Mr. Olds harassed her on account of her race.  To establish a prima facie case of

15 harassment, Plaintiff must prove that (1) she belongs to a protected class, (2) she

16 was subjected to unwelcome harassment, (3) the harassment was based on [a

17 protected trait], (4) the harassment was sufficiently severe and pervasive so as to

18 alter the conditions of employment and create an abusive working environment, and

19 (5) respondeat superior."  (*Fisher v. San Pedro Peninsula Hospital* (1989) 214

20 Cal.App.3d 590, 608; *See Etter v. Veriflo Corp.*, 67 Cal.App.4th 457, 467 (1998)

21 (finding that the law does not require "zero tolerance" for the utterance of offensive

22 words and that isolated, occasional, or sporadic conduct does not amount to severe

23 or pervasive conduct).)

24         Here, there are <u>no facts alleged of racial harassment by Mr. Olds.</u>  All of the

25 facts asserted against Mr. Olds are ambiguous, vague, and generalized.   Plaintiff, in

26 conclusory fashion, simply asserts that Mr. Olds has harassed her on the basis of her

27 race and has created a policy of disparate treatment towards minorities.   Yet,

28 Plaintiff provides no details as to what Mr. Olds did to her that constituted

4

**MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

harassment. Plaintiff's SAC fails to allege any facts demonstrating if Mr. Olds made any remarks on the account of race towards Plaintiff, the frequency of such remarks, when these remarks were made, or any other types of conduct on the account of race that would constitute actionable harassment. *See Hope v. Calif. Youth Authority*, 134 Cal.App.4th 577, 588 (2005) (deciding that Plaintiff must show a concerted pattern of harassment of a repeated, routine or generalized nature). In the absence of any facts demonstrating actionable harassing conduct by Mr. Olds, Plaintiff's claim of racial harassment fails.

As such, Plaintiff's claim for gender and racial harassment should be dismissed in its entirety against all defendants. In the alternative, Plaintiff's gender harassment claim against all defendants and racial harassment claim against Mr. Olds should be dismissed, without leave to amend.

### 2. Plaintiff's FEHA Failure to Prevent Harassment Claim Should be Dismissed against Mr. Olds

Plaintiff's failure to prevent harassment claim should be dismissed as it pertains to Mr. Olds because she fails to plead sufficient facts to support her underlying claim of racial harassment by Mr. Olds, and does not allege that VVWRA was aware of Mr. Old's harassment. To establish a claim for failure to take reasonable steps to prevent harassment, Plaintiff must allege that: (1) she was subjected to harassment; (2) the employer failed to take all reasonable steps to prevent the harassment; and (3) this failure caused the plaintiff to suffer harm. *Leiland v. City and County of San Francisco*, 576 F.Supp.29 1079, 1103 (2008).

This cause of action is entirely derivative of a plaintiff's underlying harassment claim. *Trujillo v. North County Transit Dist.*, 63 Cal.App.4th 280, 282, 289 (1998) (finding that an essential foundational predicate of harassment or discrimination is required by the statutory scheme to support a finding of failure to prevent discrimination and harassment in violation of Government Code section 12940, subdivision (i).) As Plaintiff has failed to demonstrate her underlying claim

**MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

1    of harassment against Mr. Olds, this claim should also be dismissed.

2          Furthermore, Plaintiff fails to demonstrate that VVWRA had knowledge of

3    any harassing conduct by Mr. Olds, which would put VVWRA on notice to prevent

4    any harassing conduct. *Steiner v. Showboat Operating Co.*, 25 F3d 1459, 1464 (9th

5    Cir 1994) (noting that the employer did not seriously investigate the claims of sexual

6    harassment after it had notice of such conduct thereby creating a triable issue on the

7    failure to prevent the alleged harassment).  Plaintiff fails to allege any facts

8    demonstrating that VVWRA was aware of Mr. Old's harassment.  Plaintiff does not

9    claim that she complained to anyone about Mr. Old's harassment in order to put

10   VVWRA on notice of harassment.  The SAC lacks any facts demonstrating that

11   VVWRA breached a duty to prevent the harassment of Mr. Olds.

12         Consequently, Plaintiff's claim for failure to prevent harassment by Mr. Olds

13   should be dismissed, as it is evident that there are insufficient facts to support a

14   cognizable claim.

15   **V.    CONCLUSION**

16         Based on the forgoing, Defendants respectfully request this Court to grant the

17   motion to dismiss Plaintiff's second cause of action for gender and racial harassment

18   in its entirety.  In the alternative, Defendants respectfully request this Court to grant

19   the motion to dismiss the gender harassment claim against all defendants and the

20   racial harassment against Mr. Olds, without leave to amend.  Defendants also

21   respectfully request this court to dismiss the failure to prevent racial harassment

22   claim as it pertains to Mr. Olds.

23   DATED: May 2, 2016              WALSH & ASSOCIATES, APC

24                        By:    _____
                                 DENNIS J. WALSH, ESQ.
25                               ALICE CHUNG, ESQ.
                                 Attorneys for Defendants, VICTOR VALLEY
26                               WASTEWATER RECLAMATION AUTHORITY
                                 a public entity; LOGAN OLDS, a public entity
27                               employee; RUSS BLEWETT, a public entity
                                 employee
28

---
6

**MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

## DECLARATION OF JOHN L. FUENTES

I, John L. Fuentes, Esq., do hereby declare:

1.    I am an attorney at law, licensed to practice in the State of California and am an associate attorney with Walsh & Associates, APC, attorneys of record for defendants Victor Valley Wastewater Reclamation Authority, a public entity, Logan Olds, a public entity employee, and Russell Blewett, a public entity employee.

2.    I have personal knowledge of all the facts stated herein and, if called to testify, I could and would competently testify thereto.

3.    I make this declaration in support of Defendants' good faith efforts to meet and confer with Plaintiff's counsel to cure her second amended complaint ("SAC") in lieu of filing a motion to dismiss pursuant to Local Rule 7-3.

4.    On March 21, 2016, a hearing was held regarding Defendants' motion to dismiss Plaintiff's first amended complaint.  The court granted, denied in part Defendants' motion to dismiss.  The court granted Plaintiff leave to amend her complaint by April 11, 2016.

5.    On April 11, 2016, Plaintiff filed her SAC, which contained no additional facts to support her racial harassment claim against defendant Logan Olds ("Olds").    Plaintiff also impermissibly added a cause of action for gender harassment without the Court's approval or Defendants' consent.

6.    On April 12, 2016, Defendants' counsel sent Plaintiff's counsel a meet and confer letter via email requesting a conference in lieu of filing a motion to dismiss.  Defendants requested a conference by April 25, 2016 pursuant to Local Rule 7-3.  Plaintiff's counsel never responded.

7.    Defendants' counsel followed up again via email on April 21, 2016. Defendants further advised Plaintiff that if a conference could not be held by April 25, 2016, then Defendants would file a motion to dismiss Plaintiff's SAC. Plaintiff's counsel never responded.

7

**MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

1     8.    Per Plaintiff's lack of response to the meet and confer request, it

2    appears that the SAC cannot be cured upon further amendment.  As such,

3    Defendants filed this motion to dismiss.

4     I declare under the penalty of perjury under the laws of the State of California

5    on May 2, 2016 that the foregoing is true and correct to the best of my knowledge.

John L. Fuentes, Esq.
Declarant

**MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

1  WALSH & ASSOCIATES, APC
   16633 Ventura Boulevard, Suite 800
2  Encino, CA 91436
   Telephone: (818) 986-1776
3  Facsimile: (818) 382-2071
   DENNIS J. WALSH, Esq. (State Bar No. 106646)
4  dwalsh@walshlawyers.com
   ALICE CHUNG, Esq. (State Bar No. 245166)
5  ahchung@walshlawyers.com

6  Attorneys for Defendants, VICTOR VALLEY
   WASTEWATER RECLAMATION AUTHORITY
7  a public entity; LOGAN OLDS, a public entity
   employee; RUSS BLEWETT, a public entity
8  employee

9              UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

11

12 ANGELITA "ANGELA" VALLES,        Case No. 5:15-cv-02297-VAP-SP
   an individual;                   Assigned to Hon. Virginia A. Phillips
13
                Plaintiff,
14                                   MOTION TO TAKE JUDICIAL
15 vs                               NOTICE OF COURT ORDER RE
                                    RULING ON MOTION TO DISMISS
16                                  PLAINTIFF'S FIRST AMENDED
                                    COMPLAINT
17 VICTOR VALLEY
   WASTEWATER RECLAMATION          [Fed. R. Evid. 201.]
18 AUTHORITY "VVWRA"; a Joint
   Powers Authority and Public Agency
19 of the State of California; LOGAN
   OLDS, an individual; RUSS        DATE:      June 6, 2016
20 BLEWETT, an individual; and      TIME:      2:00 p.m.
   DOES 1-10, inclusive,            COURTROOM: 780
21
22              Defendants.
23

24 TO THE COURT, THE PARTIES, AND THEIR ATTORNEYS:
25     Defendants, VICTOR VALLEY WASTEWATER RECLAMATION
26 AUTHORITY ("VVWRA"), a public entity; LOGAN OLDS ("Olds"), a public
27 entity employee; and RUSS BLEWETT ("Blewett"), a public entity employee,
28

                                  1
                  MOTION TO TAKE JUDICIAL NOTICE

(collectively herein referred to as "Defendants") hereby bring the following Motion to Take Judicial Notice of this Court's Ruling regarding the  First Amended Complaint of plaintiff, ANGELITA "ANGELA" VALLES ("Plaintiff").   The Motion to Take Judicial Notice will be heard on June 6, 2016, at 2:00 p.m., in Courtroom 780, located at 255 East Temple Street, Los Angeles, CA 90012.

## **MOTION TO TAKE JUDICIAL NOTICE**

Defendants bring a Motion to Take Judicial Notice of this Court's Order on March 25, 2016 granting in part, and denying in part Defendants' Motion to Dismiss Plaintiff's First Amended Complaint under Federal Rule of Evidence 201.

DATED: May 2, 2016                    WALSH & ASSOCIATES, APC

By:     _____
        DENNIS J. WALSH, ESQ.
        ALICE CHUNG, ESQ.
        Attorneys for Defendants, VICTOR
        VALLEY WASTEWATER
        RECLAMATION AUTHORITY a public
        entity; LOGAN OLDS, a public entity
        employee; RUSS BLEWETT, a public entity
        employee

**MOTION TO TAKE JUDICIAL NOTICE**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

On March 21, 2016, this Court heard oral arguments regarding Defendants' motions to dismiss and strike portions of Plaintiff's first amended complaint ("FAC").  This Court issued a tentative order granting in part, denying in part Defendants' motions.  This Court granted Plaintiff leave to amend her FAC by April 11, 2016.  This Court Order was filed on March 25, 2016.

Although the Court Order granted Plaintiff leave to amend her FAC to included additional facts supporting each of her four causes of action, this Court did not grant Plaintiff leave to assert an additional cause of action.

On April 11, 2016, Plaintiff filed her second amended complaint ("SAC"), which impermissibly included an additional cause of action for gender harassment. Per Federal Rule of Civil Procedure, Rule 15, this Court did not grant Plaintiff leave to include an additional cause of action and Defendants' did not consent to Plaintiff's additional cause of action.

As such, Defendants bring this Motion to Take Judicial Notice of this Court's Order on March 25, 2016. (**Exhibit 1**, March 25, 2016 Court Order.) This Court Order is directly relevant and related to Plaintiff's SAC because Plaintiff was not granted leave to assert an additional cause of action for gender harassment.

## II.    ARGUMENT

### A.    MOTION TO TAKE JUDICIAL NOTICE

Pursuant to Federal Rules of Evidence, Rule 201(d), the "court may take judicial notice at any stage of the proceeding."  Rule 201(b)(2) states in pertinent part: "The court may judicially notice a fact that is not subject to reasonable dispute because it…can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  (Fed. R. Evid. 201(b).)

Defendants seek judicial notice of facts—this Court's March 25, 2016 Court Order—that can be readily determined from sources whose accuracy cannot

1

**MOTION TO TAKE JUDICIAL NOTICE**

1  reasonably be questioned.  Judicial notice may be taken of proceedings and filings

2  within the court and in other courts if the proceedings have a direct relation to the

3  matters at issue.  (*U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*

4  *(*9th Cir. 1992) 971 F.2d 244, 248.)  Here, it is clear that the March 25, 2016 Court

5  Order is directly related to this matter and issue and is a record that may be

6  judicially noticed.  This Court order is directly related Plaintiff's SAC because

7  Plaintiff was not granted leave to amend her SAC to include a claim for gender

8  harassment. Therefore, Defendants move to take judicial notice of the March 25,

9  2015 Court Order.

10  **V.   CONCLUSION**

11       Based on the forgoing, Defendants respectfully requests this Court to grant

12  the motion to take judicial notice of the March 25, 2016 Court Order.

13  DATED: May 2, 2016              WALSH & ASSOCIATES, APC

14                          By:  _____

15                               DENNIS J. WALSH, ESQ.
                                 ALICE CHUNG, ESQ.
16                               Attorneys for Defendants, VICTOR
                                 VALLEY WASTEWATER
17                               RECLAMATION AUTHORITY a public
                                 entity; LOGAN OLDS, a public entity
18                               employee; RUSS BLEWETT, a public entity
                                 employee
19

20

21

22

23

24

25

26

27

28

                                        2
                          **MOTION TO TAKE JUDICIAL NOTICE**

## DECLARATION OF JOHN L. FUENTES

I, John L. Fuentes, Esq., do hereby declare:

1.      I am an attorney at law, licensed to practice in the State of California and am an associate attorney with Walsh & Associates, APC, attorneys of record for defendants Victor Valley Wastewater Reclamation Authority, a public entity, Logan Olds, a public entity employee, and Russell Blewett, a public entity employee.

2.      I have personal knowledge of all the facts stated herein and, if called to testify, I could and would competently testify thereto.

3.      I make this declaration in support of Defendants' good faith efforts to meet and confer with Plaintiff's counsel to cure her second amended complaint ("SAC") in lieu of filing a motion to dismiss pursuant to Local Rule 7-3.

4.      On March 21, 2016, a hearing was held regarding Defendants' motion to dismiss Plaintiff's first amended complaint.  The court granted, denied in part Defendants' motion to dismiss.  The court granted Plaintiff leave to amend her complaint by April 11, 2016.

5.      On March 25, 2016, this Court issued its Order granting and denying in part Defendants' motions to  dismiss and strike Plaintiff's FAC.  The Court Order, granted Plaintiff leave to amend her FAC to include additional facts to support her four causes of action, but did not grant Plaintiff leave to assert an additional cause of action.

6.      On April 11, 2016, Plaintiff filed her SAC, which contained no additional facts to support her racial harassment claim against defendant Logan Olds ("Olds").  Plaintiff also impermissibly added a cause of action for gender harassment without the Court's approval or Defendants' consent.

7.      On April 12, 2016, Defendants' counsel sent Plaintiff's counsel a meet and confer letter via email requesting a conference in lieu of filing a motion to dismiss the gender harassment claim and the racial harassment claim as it applied to

3

**MOTION TO TAKE JUDICIAL NOTICE**

1    Defendant Olds.  Defendants requested a conference by April 25, 2016 pursuant to

2    Local Rule 7-3.  Plaintiff's counsel never responded.

3         8.    Defendants' counsel followed up again via email on April 21, 2016.

4    Defendants further advised Plaintiff that if a conference could not be held by April

5    25, 2016, then Defendants would file a motion to dismiss Plaintiff's SAC.

6    Plaintiff's counsel never responded.

7         9.    Per Plaintiff's lack of response to the meet and confer request, it

8    appears that the SAC cannot be cured upon further amendment.   As such,

9    Defendants filed this motion to dismiss and motion to take judicial notice.

10        I declare under the penalty of perjury under the laws of the State of California

11   on May 2, 2016 that the foregoing is true and correct to the best of my knowledge.

12

13

14            John L. Fuentes, Esq.
              Declarant

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

4

**MOTION TO TAKE JUDICIAL NOTICE**

# Exhibit A

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| Angelita "Angela" Valles,<br><br>                    Plaintiff,<br><br>    v.<br><br>Victor Valley Wastewater Reclamation<br>Authority et al.,<br><br>                   Defendants. | EDCV 15-2297-VAP (SPx)<br><br>**ORDER GRANTING IN PART<br>AND DENYING IN PART<br>DEFENDANTS' MOTIONS TO<br>DISMISS AND STRIKE THE FIRST<br>AMENDED COMPLAINT** |

On February 9, 2016, Defendants Victor Valley Wastewater Reclamation Authority ("VVWRA"), Logan Olds, and Russ Blewett ("Defendants") filed their Motions to Dismiss[1] and Strike the First Amended Complaint ("Motions"). (Docs. 19, 20.) Plaintiff Angelita Valles ("Plaintiff") opposed both Motions on February 26, 2016 (Docs. 21, 22), and Defendants replied on March 7, 2016 (Docs. 24, 25).

After consideration of the papers filed in support of, and in opposition to, both Motions, the Court GRANTS them in part and DENIES them in part WITH LEAVE TO AMEND.

---

[1] Defendants also filed their Motion for a More Definite Statement concurrently with their other Motions. (Doc. 19 at 10.) As Plaintiff's allegations are not "so vague that [Defendants] cannot begin to frame a response," the Court DENIES the Motion and analyzes their Motions to Dismiss and Strike the First Amended Complaint. See C.B. v. Sonora School Dist., 691 F. Supp. 2d 1123, 1130 (E.D. Cal. 2009) (citations omitted).

# I.   BACKGROUND

Plaintiff is a Hispanic woman who has been elected to offices on the Victor Valley College Board of Trustees and Victorville City Council. (First Amended Complaint ("FAC") ¶¶ 14-15.) While holding office, Plaintiff has reported the misconduct of local government employees to the authorities. (Id. ¶ 18.) In 2011, Plaintiff reported then-VVWRA Commissioner Rudy Cabriales to the San Bernardino County District Attorney's Office for various violations of California Government Code Section 1090, which prohibits a state employee from having a financial interest in a government transaction. (Id. ¶ 19.) She made a similar complaint against County Supervisor Robert Lovingood in 2014, alleging he received $560,000 from VVWRA in violation of Section 1090. (Id. ¶ 24.) Finally, in 2010, she filed a sexual harassment complaint against then-VVWRA Commissioner Thurston Smith, alleging he made "several unwanted and undesired advances toward[] [her]." (Id. ¶ 20.) VVWRA investigated her complaint and removed Smith from the Board of Commissioners ("Board"). (Id. ¶ 20.) Plaintiff claims Defendant Blewett, a member of the VVWRA Board, is a "close friend" to Smith and that, as a result, Blewett has "made several disparaging remarks regarding Hispanics and women." (Id. ¶ 23.)

In March 2015, several employees filed complaints against Defendant Olds "as the General Manager [of VVWRA], Director of Operations Gilbert Perez[,] and [Plaintiff] in her capacity as Director of Administration." (Id. ¶¶ 26-27.) Only Plaintiff was placed on administrative leave while VVWRA investigated the complaints. (Id. ¶ 30.) As VVWRA concluded they were "unfounded," it allowed Plaintiff to return to work but demoted her from Director of Administration to Director of Finance. (Id. ¶¶ 36-37.) She claims she is more qualified for the position than the current Director of Administration ("Director") because she holds a graduate degree, while the Director holds a bachelor's degree. (Id. ¶ 39.) She also claims VVWRA never reimbursed her for obtaining a graduate degree but reimbursed other "male Caucasian employees . . . for further education." (Id. ¶ 40.) Finally, she alleges VVWRA failed to remove the Director even after she and other employees reported the Director sexually harassed a "young female clerk" while attending a conference in Nevada. (Id. ¶¶ 41-42.)

Plaintiff claims she was demoted "due to her Hispanic ancestry, her gender[,] and her political success." (Id. ¶ 45.) She further claims it was "an act of retaliation for blowing the whistle on several illegal transactions." (Id. ¶ 46.)

Plaintiff now brings four claims against Defendants: (1) racial and gender discrimination as well as retaliation pursuant to 42 U.S.C. Section 1983 (Id. ¶¶ 51-55); (2) racial harassment in violation of California Government Code Section 12940(j)(3) (Id. ¶¶ 56-61); (3) failure to prevent discrimination, harassment, and retaliation in violation of California Government Code § 12940(k) (Id. ¶¶ 62-67); and disparate treatment in violation of California Government Code § 12940(a) (Id. ¶¶ 68-80). Defendants move to dismiss all of Plaintiff's claims.

## II.   LEGAL STANDARD

### A.   Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a party to bring a motion to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6) is read along with Rule 8(a), which requires a short, plain statement upon which a pleading shows entitlement to relief. Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 47 (1957) (holding that the Federal Rules require a plaintiff to provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests" (quoting Fed. R. Civ. P. 8(a)(2)).); Bell Atl. Corp. v Twombly, 550 U.S. 544, 555 (2007). When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint -- as well as any reasonable inferences to be drawn from them -- as true and construe them in the light most favorable to the non-moving party. See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994). "The court need not accept as true, however, allegations that contradict facts that may be judicially noticed by the court." Schwarz v. U.S., 234 F.3d 428, 435 (9th Cir. 2000).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 556).

The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F. 3d 1202, 1216 (9th Cir. 2011).

Although the scope of review is limited to the contents of the complaint, the Court may also consider exhibits submitted with the complaint, Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings," Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988).

**B.     Motion to Strike**

Under Federal Rule of Civil Procedure 12(f), a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

"'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir. 1993), <u>rev'd on other grounds</u>, <u>Fogerty v. Fantasy, Inc.</u>, 510 U.S. 617 (1994). "'Redundant' allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action." <u>State of Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.</u>, 217 F. Supp. 2d 1028, 1033 (9th Cir. 2002) (citing <u>Gilbert v. Eli Lilly Co., Inc.</u>, 56 F.R.D. 116, 121 n.4 (D.P.R. 1972)). Scandalous matter is that which "improperly casts a derogatory light on someone, most typically on a party to the action." <u>Germaine Music v. Universal Songs of Polygram</u>, 275 F. Supp. 2d 1288, 1300 (D. Nev. 2003).

"Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." <u>Alco Pac., Inc.</u>, 217 F. Supp. 2d at 1033 (citations omitted). "Given their disfavored status, courts often require 'a showing of prejudice by the moving party' before granting the requested relief." <u>Id.</u> (quoting <u>Securities & Exchange Comm'n v. Sands</u>, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995)). "The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw 'unwarranted' inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike." <u>Id.</u>

In determining whether to grant a motion to strike, a district court views the pleadings in a light most favorable to the non-moving party, and "resolves any doubt as to the relevance of the challenged allegations" in the plaintiff's favor. <u>Alco Pac., Inc.</u>, 217 F. Supp. 2d at 1033 (citing <u>In re 2TheMart.com Sec. Litig.</u>, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000)). "This is particularly true if the moving party can demonstrate no resulting prejudice." <u>Id.</u> A court should deny "[a] motion to strike under Rule 12(f) . . . unless it can be shown that no evidence in support of the allegation would be admissible, or those issues could have no possible bearing on the issues in the litigation." <u>Gay-Straight Alliance Network v. Visalia Unified Sch. Dist.</u>, 262 F. Supp. 2d 1088, 1099 (E.D. Cal. 2001).

# III.  DISCUSSION

Defendants have filed with this Court a Motion to Dismiss and a Motion to Strike.  The Court will address each, in turn, below.

## A.    Motion to Dismiss

Plaintiff asserts four claims against Defendants: (1) racial and gender discrimination as well as retaliation pursuant to Section 1983 (FAC ¶¶ 51-55); (2) racial harassment in violation of Section 12940(j)(3) (Id. ¶¶ 56-61); (3) failure to prevent discrimination, harassment, and retaliation in violation of Section 12940(k) (Id. ¶¶ 62-67); and disparate treatment in violation of Section 12940(a) (Id. ¶¶ 68-80).  The Court addresses each claim, in turn, below.

### 1.    Discrimination and Retaliation[2] Pursuant to Section 1983

Plaintiff alleges Defendants "deprived [her] of her [f]ederal constitutional and statutory rights by discriminating against her based on race and gender."  (Id. ¶ 52.)  She also contends Defendants demoted her for "reporting illegal activity to the appropriate authorities."  (Id. ¶ 54.)  According to Plaintiff, Defendants discriminated and retaliated against her pursuant to policies Defendants Olds and Blewett instituted at VVWRA.  (See id. ¶¶ 53-54; Opp'n at 3.)  The Court addresses first her claims against Defendant VVWRA and then turns to her claims against Defendants Olds and Blewett.

---

[2] Plaintiff claims "Title XI Whistleblower Retaliation protection" in her FAC.  (FAC ¶ 2.)  It is unclear to which statute she refers.  To the extent she relies on the Civil Rights Act of 1964, her retaliation claim is dismissed with prejudice.  A court may not dismiss a claim *sua sponte* "unless the plaintiff[] cannot possibly win relief."  Sparling v. Hoffman Const. Co., Inc., 864 F.2d 635, 638 (9th Cir. 1988).  Here, "Title XI contains miscellaneous provisions related to, among other things, criminal contempt proceedings arising under the Civil Rights Act and preemption."  Grant v. Alperovich, No. C12-1045RSL, 2014 WL 1317611, at *2 (W.D. Wash. Mar. 27, 2014) (citing 42 U.S.C. §§ 2000h, 2000h-4).  As Plaintiff "cannot possibly" state a retaliation claim under Title XI, the Court dismisses it with prejudice.  See Sparling, 864 F.2d at 638.

### a.   Claims against VVWRA

In <u>Monell</u>, the Supreme Court held that "a municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue. *Respondeat superior* or vicarious liability will not attach under § 1983." <u>City of Canton, Ohio v. Harris</u>, 489 U.S. 378, 385 (1989); <u>Monell</u>, 436 U.S. 690-91 (municipality cannot be held liable under Section 1983 "solely because it employs a tortfeasor"). Thus, a municipal government entity may only be liable under section 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." <u>Monell</u>, 436 U.S. at 694.

"A [S]ection 1983 plaintiff may establish municipal liability" by "prov[ing] . . . a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." <u>Gillette v. Delmore</u>, 979 F.2d 1342, 1346 (9th Cir. 1992) (citations omitted) (internal quotation marks omitted). "Establishing an official custom requires more than proof of [a] single incident of which [a] plaintiff complains." <u>MacEachern v. City of Manhattan Beach</u>, 623 F. Supp. 2d 1092, 1106 (C.D. Cal. 2009) (citing <u>City of Oklahoma v. Tuttle</u>, 471 U.S. 808, 823-24 (1985)). "[T]o prove a custom, . . . Plaintiff must present evidence, that [her] injury resulted from a permanent and well-settled practice." <u>Id.</u> (citations omitted) (internal quotation marks omitted).

<u>Monell</u> liability may also attach where "the individual who committed the constitutional tort was an official with 'final policy-making authority[,]' and . . . the challenged action itself thus constituted an act of governmental policy." <u>Gillette v. Delmore</u>, 979 F.2d 1342, 1346 (9th Cir. 1992) (citations omitted). Even "a single decision by a municipal policymaker may be sufficient to trigger [<u>Monell</u> liability]" under this standard, but there must be evidence of a "deliberate choice to follow a course of action . . . from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." <u>Id.</u> at 1346-47. "Whether a particular official has final policy-making authority is a question of state law." <u>Id.</u> at 1346 (citations omitted).

Plaintiff has failed to plead sufficient facts supporting her contention VVWRA employed discriminatory and retaliatory policies. As evidence of a discriminatory policy, Plaintiff claims Defendant Blewett "has made several disparaging remarks regarding Hispanics and women."[3] (FAC ¶ 23.) Her claim of a retaliatory policy is based on a *single* demotion -- her own. (See id. ¶ 54.) As Plaintiff has failed to allege facts demonstrating Defendants committed "*repeated* constitutional violations," the Court dismisses her policy-based <u>Monell</u> claim. See <u>Moore v. City of Vallejo</u>, 73 F. Supp. 3d 1253, 1259 (E.D. Cal. 2014) (finding allegations of repeated constitutional violations sufficient to state a <u>Monell</u> claim).

Plaintiff also fails to plead sufficient facts demonstrating Defendants Olds and Blewett had the final policy-making authority necessary for <u>Monell</u> liability to attach. Plaintiff claims Defendant Olds was the "General Manager and Director of Operations, and Defendant Blewett was [a member of VVWRA's] board." (Opp'n at 3.) Her allegations merely demonstrate Defendants Olds and Blewett "ha[d] sufficient authority to bind [VVWRA] with regard to employment decisions affecting Plaintiff, but this is not an allegation that these Defendants ha[d] final policy-making authority for any sphere of activity." See <u>Schulthies v. Nat'l Passenger R.R. Corp.</u>, 650 F. Supp. 2d 994, 1001 (N.D. Cal. 2009). Accordingly, the Court finds again she has failed to state a <u>Monell</u> claim.

### b.   Claims against Defendants Olds and Blewett

Plaintiff asserts Section 1983 claims for discrimination and retaliation against Defendants Olds and Blewett, alleging they violated her rights under the Equal Protection Clause. (See FAC ¶¶ 51-55.)

Plaintiff provides no controlling authority -- and the Court is not aware of any -- that would allow her to assert a retaliation claim under the Equal Protection Clause. District courts in this Circuit have concluded plaintiffs may not bring such claims. See e.g., <u>Wilson v. City of Fresno</u>, No. CV F 09-0887 LJO SMS, 2009 WL 3233879, at *8 (E.D. Cal. Oct. 2, 2009) (concluding the plaintiff could not vindicate

---

[3] Plaintiff's allegation is vague -- she fails to state *what* Defendant Blewett said or *how many times* he said it. Without such information, the Court declines to find she has pled her claim of a discriminatory policy properly.

her retaliation claim under the Equal Protection Clause); <u>Power ex rel. Power v.</u>
<u>Gilbert Public Schools</u>, No. CV 07-2584-PHX-JAT, 2009 WL 5185297, at *7 (D.
Ariz. Dec. 22, 2009) (finding the plaintiff abandoned her retaliation claim under the
Equal Protection Clause because there was no "legal basis" for it). As Plaintiff
"cannot possibly" state a retaliation claim under the Equal Protection Clause against
Defendants Olds and Blewett, the Court dismisses it WITH PREJUDICE. <u>See</u>
<u>Sparling</u>, 864 F.2d at 638.

To prevail on her Section 1983 claim for discrimination, Plaintiff must show
"(1) she belongs to a protected class; (2) she performed her job satisfactorily; (3) she
suffered an adverse employment action; and (4) her employer treated her differently
than a similarly situated employee who does not belong to the same protected class."
<u>See</u> <u>Peoples v. Cty. of Contra Costa</u>, No. C 07-00051 MHP, 2008 WL 2225671, at *8
(N.D. Cal. May 28, 2008).

Plaintiff has properly pled her claim of gender discrimination against
Defendant Olds: (1) she is a woman and thus a member of a protected class (FAC ¶
14); (2) she performed her duties as Director of Administration satisfactorily (<u>Id.</u> ¶
37); (3) she was demoted (<u>Id.</u> ¶ 37); and (4) other similarly situated men were
allowed to keep their positions (<u>Id.</u> ¶¶ 30, 37). Defendant Olds also took part in the
decision to demote Plaintiff, as he is VVWRA's General Manager. Accordingly, she
has stated a Section 1983 claim against Defendant Olds for gender discrimination.
As Plaintiff does not allege Defendant Blewett was involved, her claim against him is
dismissed. <u>See</u> <u>Leland v. City and Cty. of San Francisco</u>, 576 F. Supp. 2d 1079, 1103
(N.D. Cal. 2008) (dismissing Section 1983 claims against the defendants because
there was no evidence they "were involved" in the alleged deprivation).

Plaintiff has failed to state a claim of race discrimination against Defendants
Olds and Blewett pursuant to Section 1983. Plaintiff claims Defendant Blewett
made "disparaging remarks regarding Hispanics and women" (FAC ¶ 23), but does
not allege what adverse employment action resulted from such statements. Her
conclusory statement that Defendants deprived Plaintiff of "her [f]ederal
constitutional and statutory rights by discriminating against her based on race" is
also insufficient to allege race discrimination pursuant to Section 1983. Finally, the
Court finds vague her claim that "other male Caucasian employees receiv[ed]

reimbursement for further education," but she did not.  (FAC ¶ 40.)  She does not allege the identity of any of the Caucasian employees, what kind of education they obtained, or any other circumstances surrounding the alleged misconduct.  Accordingly, her claim of race discrimination is dismissed with respect to Defendants Olds and Blewett.

### 2.    Racial Harassment in Violation of California Law[4]

Plaintiff alleges Defendants subjected her "to harassment based on her race and national origin" and that Defendant Olds harassed her "by creating a hostile and stressed work environment."  (FAC ¶¶ 57, 60.)  Defendants contend she has failed to plead sufficient facts to support her claim.  (Motion to Dismiss at 5-6.)

The Fair Employment and Housing Act ("FEHA") "provides that an individual supervisor may be personally liable for any harassment he or she perpetuates against an employee." Carr v. JetBlue Airways. Corp., No. CV 15-02196-RGK (JCx), 2015 WL 3867739, at *3 (C.D. Cal. June 22, 2015) (citing Cal. Gov't Code § 12940(j)(3)).  "The California Code of Regulations defines harassment as including verbal harassment, e.g., epithets, derogatory comments or slurs on a basis enumerated in the Act." Id. (citing Cal. Code Regs. tit. 2, § 11019(b)(1)(A)) (internal quotation marks omitted).  "In order to constitute harassment, conduct must be sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive work environment, and it excludes conduct that is occasional, isolated, sporadic, or trivial." Wexler v. Jensen Pharm., Inc., Case No. CV 15-03518-AB (AJWx), 2015 WL 6159101, at *4 (C.D. Cal. Oct. 20, 2015) (citing Fisher v. San Pedro Peninsula Hosp, 214 Cal. App. 3d 590, 609 (1989)) (internal quotation marks omitted).

"Significantly, California law distinguishes between discriminatory employment actions, and harassment." Id. at *5.  "Under FEHA, [it is] unlawful for 'an employer' to discriminate, but it is unlawful for 'an employer . . . *or any other person*' to harass." Id. (citing Cal. Gov't Code §§ 12940, 12941) (emphasis added).

---

[4] In her second claim, Plaintiff also alleges Defendants failed to prevent discrimination and harassment in violation of § 12940(k).  (FAC ¶¶ 56-61.)  As this also constitutes Plaintiff's third claim, the Court will address it in the next section.

"[C]ommonly necessary personnel . . . actions such as . . . promotion or demotion . . . do not come within the meaning of harassment" because they are "necessary to carry out the duties of business . . . management." Id. (citing Janken v. GM Hughes Elecs., 46 Cal. App. 4th 55, 64-65 (1996)) (internal quotation marks omitted). "Harassment, by contrast, consists of actions *outside the scope of job duties* which are not of a type necessary to business and personnel management." Id. (internal quotation marks omitted) (emphasis added).

Plaintiff has failed to plead sufficient facts to state a claim of racial harassment. Her only claim of racial harassment involves Defendant Blewett's "disparaging remarks regarding Hispanics." (FAC ¶ 23.) Although the Court finds such allegations troubling, his statements -- without more -- constitute conduct that is "isolated" and "sporadic," such that they could not form the basis of a harassment claim. See Wexler, 2015 WL 6159101, at *4.

Plaintiff's claim that Defendant Olds created a hostile work environment by demoting her also fails to state a claim under Section 12940(j)(3). First, Plaintiff has not pled any facts demonstrating Defendant Olds made his decision based on race or that he had the final decision-making authority to do so. Even if he had, a demotion is the kind of "personnel management" decision that does not constitute harassment. See id. at *5. Accordingly, as Plaintiff "cannot possibly" state a harassment claim based on her demotion, the Court dismisses it WITH PREJUDICE. See Sparling, 864 F.2d at 638.

### 3. Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of California Law

"It is an unlawful employment practice under FEHA 'for an employer . . . to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring' in the workplace." Leland, 576 F. Supp. 2d at 1103 (citing Cal. Gov't Code § 12940(k)). A plaintiff seeking to recover under Section 12940(k) must establish three elements: "1) plaintiff was subjected to discrimination, harassment or retaliation; 2) defendant failed to take all reasonable steps to prevent discrimination, harassment or retaliation; and 3) this failure caused plaintiff to suffer injury, damage, loss or harm." Id.

11

### a.     Harassment

As Plaintiff fails to state a claim for harassment, her "claim for failure to prevent such conduct necessarily fails." See Mock v. Cal. Dep't of Corrs. and Rehab., No. 1:15-cv-01104-MJS, 2015 WL 5604394, at *17 (E.D. Cal. Sept. 23, 2015).

### b.     Discrimination

Plaintiff alleges she was subjected to race and gender discrimination. (See FAC ¶ 23.) To establish a prima facie case of discrimination, Plaintiff must demonstrate "(1) [she] was a member of a protected class, (2) [she] was qualified for the position [she] sought or was performing competently in the position [she] held, (3) [she] suffered an adverse employment action, such as termination, demotion, or denial of an available job, and (4) *some other circumstance suggests discriminatory motive*." See Lewis v. City of Fresno, 834 F. Supp. 2d 990, 998-99 (E.D. Cal. 2011); Cal Gov't Code § 12940(a).

"A plaintiff is not required to plead a *prima facie* case of discrimination in order to survive a motion to dismiss." Fitch v. San Francisco Unified School Dist., Case No. 15-cv-02769-SI, 2015 WL 6551668, at *5 (N.D. Cal. Oct. 29, 2015) (citing Sheppard v. David Evans & Assoc., 694 F.3d 1045, 1050 n.2 (9th Cir. 2012)). "When a plaintiff does plead a plausible *prima facie* case of discrimination, the complaint sufficiently states a claim." Id. (citations omitted). "When a plaintiff does not plead a *prima facie* case, courts still look to the elements of the *prima facie* case to decide, in light of judicial experience and common sense, whether the challenged complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. (citations omitted).

Plaintiff is a member of two protected classes, as she is a woman and Hispanic. She alleges she is qualified to be Director of Administration because she holds a graduate degree from Pepperdine University. (FAC ¶ 39.) She also satisfies the adverse action and improper motive elements with respect to her claim for gender discrimination, as she was the "only" woman placed on administrative leave and later demoted from Director of Administration to Director of Finance. (See id. ¶¶ 30, 37.) As Defendant VVWRA was clearly aware of Plaintiff's demotion and

failed, allegedly, to prevent it, the Court finds she has stated a claim under Section 12940(k).

With respect to her claim for racial discrimination, Plaintiff has not pled a *prima facie* case, as she has not presented any facts suggesting a discriminatory motive.[5] The Court also declines to find she has pled her claim sufficiently "in light of [its] judicial experience and common sense." See Fitch, 2015 WL 6551668, at *5. As she has failed to state a claim for racial discrimination, her "claim for failure to prevent such conduct necessarily fails." See Mock, 2015 WL 5604394, at *17.

Finally, under FEHA, no individual liability attaches for claims of discrimination. See Reno v. Baird, 18 Cal. 4th 640 (1998). To the extent Plaintiff alleges Defendants Olds and Blewett were her non-employer supervisors, they cannot be held liable for discrimination under Section 12940(a). As individuals, they also cannot be liable for claims under Section 12940(k). See e.g., Morrow v. City of Oakland, No. C 11-02351 LB, 2012 WL 2133755, at *19 (N.D. Cal. June 12, 2012) ("As an initial matter, the Individual Defendants cannot be liable for failure to prevent discrimination under [Section 12940(k)]."). As Plaintiff "cannot possibly" state Section 12940(k) claims against Defendants Olds and Blewett, the Court dismisses them WITH PREJUDICE. See Sparling, 864 F.2d at 638.

Accordingly, the Court DENIES Defendants' Motion to Dismiss as to Plaintiff's Section 12940(k) claim for gender discrimination against Defendant VVWRA. The Court GRANTS the Motion as to Plaintiff's other 12940(k) claims.

### c.   Retaliation

FEHA makes it unlawful "[f]or an employer . . . to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint,

---

[5] As stated previously in this Order, the Court finds vague Plaintiff's claim that "other male Caucasian employees receiv[ed] reimbursement for further education," but she did not. (FAC ¶ 40.) She does not allege any facts as to who these people were or what kind of education they obtained. Without more, the Court declines to find she has pled sufficiently a claim of race discrimination.

testified, or assisted in any proceeding under this part." Cal. Gov't Code §
12940(h).

　　To prove such retaliation, a plaintiff must show "(1) he or she engaged in a
protected activity, (2) the employer subjected the employee to an adverse
employment action, and (3) a causal link existed between the protected activity and
the employer's action." Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th 1028, 1042
(2005) (citations omitted) (internal quotation marks omitted).

　　Protected activity under FEHA may consist of "(1) filing an administrative
complaint or grievance," "(2) making informal complaints to supervisors," and "(3)
serving as a witness in a co-worker's FEHA proceeding." Day v. Sears Holdings
Corp., 930 F. Supp. 2d 1146, 1176 (C.D. Cal. 2013) (citations omitted). "A
complaint about sexual harassment is [also] a protected activity when the employee
opposes conduct that the employee reasonably and in good faith believes to be in
violation of FEHA, whether or not the challenged conduct is ultimately found to
violate . . . FEHA." Id. at 1179 (citing Yanowitz, 36 Cal. 4th at 1043).

　　In her FAC, Plaintiff alleges Defendants "retaliated against [her] because she
reported and revealed VVWRA's illegal activity to the proper authorities." (FAC ¶
64.) The Court construes her allegation as a reference to (1) the Section 1090
complaints she filed against Commissioner Cabriales in 2011 and against County
Supervisor Lovingood in 2014 (FAC ¶¶ 19, 24-25), and (2) her sexual harassment
complaints against then-VWRA Commissioner Smith in 2010 and against the
current Director of Administration (Id. ¶¶ 20, 41-42). The Court addresses each
contention, in turn, below.

　　Under California Government Code Section 1090, state employees may "not
be financially interested in any contract made by them in their official capacity, or by
any body or board of which they are members." Cal. Gov't Code § 1090. Filing a
Section 1090 complaint does not constitute protected activity under FEHA because
it does not allege opposing any practices FEHA forbids or participating in any
FEHA-related proceedings. See § 12940(h). Accordingly, Plaintiff fails to state a
claim for retaliation under FEHA on this basis.

14

Asserting claims of sexual harassment may constitute protected activity, but "only when the harassing behavior is *pervasive* or *severe*." See Day, 930 F. Supp. 2d at 1179 (citing Hughes v. Pair, 46 Cal. 4th 1035, 1043 (2009)) (internal quotation marks omitted). Most recently, Plaintiff complained to Defendant Olds that the new Director of Administration had taken a "young female clerk at VVWRA" to a party "where she was groped." (FAC ¶¶ 41-42.) Again, although the Court finds such allegations troubling, they amount to a single "isolated" incident of alleged sexual harassment. See id. at 1179 (citing Clark Cty. School Dist. v. Breeden, 532 U.S. 268, 271 (2001)). Moreover, despite Plaintiff's claim that other VVWRA employees "informed Defendant Olds of the incident," such complaints concerned the *same* incident about which Plaintiff complained. (FAC ¶ 43.) As Plaintiff did not have a reasonable basis for believing such conduct violated the FEHA, she fails to state a retaliation claim on this basis as well. See Day, 930 F. Supp. 2d at 1179.

Plaintiff also filed a sexual harassment claim against then-Commissioner Smith in 2010, accusing him of making "several unwanted and undesired advances towards Valles." (FAC ¶ 20.) Even if the Court found this constituted the pervasive conduct necessary to plead sexual harassment, a claim of retaliation still requires Plaintiff to allege "a causal link between the complaint and her [demotion]." See Day, 930 F. Supp. 2d 1146 at 1180. Here, Plaintiff claims Defendant VVWRA investigated her complaint against Smith and removed him from the Board of Commissioners. (FAC ¶ 20.) Hence, it is undisputed Smith was not involved in Plaintiff's demotion. She also fails to allege facts demonstrating Defendants "allegedly knew she had complained of sexual harassment" in 2010 before demoting her in 2015. See Day, 930 F. Supp. 2d at 1181. As she has failed to allege any facts suggesting knowledge or temporal proximity, the Court finds she again has failed to plead a retaliation claim.

Finally, under FEHA, no individual liability attaches for claims of retaliation. See Jones v. Lodge at Torrey Pines Partnership, 42 Cal. 4th 1158 (2008). To the extent Plaintiff alleges Defendants Olds and Blewett were her non-employer supervisors, they cannot be held liable for retaliation under Section 12940(h). As individuals, they also cannot be liable for claims under Section 12940(k). See Morrow, 2012 WL 2133755, at *19. As Plaintiff "cannot possibly" state Section

12940(k) claims against Defendants Olds and Blewett, the Court dismisses them WITH PREJUDICE. See <u>Sparling</u>, 864 F.2d at 638.

As Plaintiff fails to state a claim for retaliation, her "claim for failure to prevent such conduct necessarily fails." See <u>Mock</u>, 2015 WL 5604394, at *17.

### 4. Disparate Treatment in Violation of California Law

In discussing Plaintiff's allegations under Section 12940(k), the Court also determined whether Plaintiff had alleged properly her claims of disparate treatment pursuant to Section 12940(a). The Court found only that Plaintiff had stated a claim for gender discrimination against Defendant VVWRA. Accordingly, the Court again dismisses all other claims of discrimination against Defendants.

## B. Motion to Strike

The Ninth Circuit held in <u>Whittlestone, Inc. v. Handi-Craft Co.</u> a motion to strike is an improper vehicle to address claims for damages that are precluded as a matter of law. 618 F.3d 970, 971 (9th Cir. 2010) ("Rule 12(f) of the Federal Rules of Civil Procedure does not authorize a district court to strike a claim for damages on the ground that such damages are precluded as a matter of law."). The Motion requests the Court strike Plaintiff's claim for punitive damages because those damages are barred and have not been pled properly. (<u>See</u> Motion to Strike at 5-6.) This is not allowed under <u>Whittlestone</u>. See <u>Consumer Solutions REO, LLC v. Hillery</u>, 658 F. Supp. 2d 1002 (N.D. Cal. 2009) ("The proper medium for challenging the sufficiency of factual allegations . . . is through Rule 12(b)(6) not Rule 12(f).").

Accordingly, the Court will construe the Motion to Strike as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See <u>Bock v. Cty. of Sutter</u>, No. 2:11-cv-00536-MCE-GGH, 2012 WL 3778953, at *19 (E.D. Cal. Aug. 31, 2012) (motion to strike request for punitive damages improper under <u>Whittlestone</u>, converting motion to strike to motion to dismiss); <u>Duenez v. City of Manteca</u>, No. CIV. S-11-1820 LKK/KJN, 2011 WL 5118912, at *7 (E.D. Cal. Oct. 27, 2011) (denying a motion to strike a request for damages relating to a decedent's pain and suffering prior to death, and instead addressing that argument as a motion to dismiss).

Defendant VVWRA contends it is immune from punitive damages because it is a governmental entity. (Motion to Strike at 4.) It is well settled municipalities are immune from punitive damages under Section 1983. See City of Newport v. Fact Concerts, 453 U.S. 247, 271 (1981). "California Government Code [Section] 818 [also] bars any award of punitive damages against a public entity." Westlands Water Dist. v. Amoco Chemical Co., 953 F.2d 1109, 1113 (9th Cir. 1992). Accordingly, as Plaintiff "cannot possibly" state a claim for punitive damages against Defendant VVWRA, the Court dismisses it WITH PREJUDICE. See Sparling, 864 F.2d at 638.

California Government Code Section 3294 authorizes punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Gov't Code § 3294. Defendants Olds and Blewett contend Plaintiff fails to state a claim for punitive damages against them because the "FAC is completely devoid of facts supporting [such an award]." (Motion to Strike at 8-9.) Plaintiff claims she may plead punitive damages in a conclusory manner and cites for support three district court cases from this Circuit. (See Opp'n at 3.) Each of these cases was "decided prior to the Supreme Court's decision[s] in Twombly . . . and . . . Iqbal." Kelley v. Corr. Corp. of Am., 750 S. Supp. 2d 1132, 1147 (E.D. Cal. 2010). "Although some courts in this circuit have expressed some reservation in applying the pleading standards set forth in [these decisions] to claims for punitive damages, . . . this [C]ourt can see no basis for such reservation." Id. As Plaintiff has failed to plead facts that Defendants Olds and Blewett acted with "oppression, fraud, or malice," her claim for punitive damages against them is dismissed. See § 3294.

17

## IV.   LEAVE TO AMEND

Having dismissed many of Plaintiff's claims, the Court now considers whether to grant Plaintiff leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and alterations omitted).  When dismissing a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Id. at 1130 (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995) (internal quotation marks omitted)).  Accordingly, leave to amend should be denied only when allowing amendment would unduly prejudice the opposing party, cause undue delay, be futile, or if the moving party acted in bad faith.  Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008).

Although Plaintiff already has amended her claims once, the Court GRANTS Plaintiff one final opportunity to amend them again, or to risk dismissal of her claims with prejudice.  Plaintiff's Second Amended Complaint, if any, shall be submitted no later than April 11, 2016.

# V.   CONCLUSION

For the reasons stated above, the Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss:

(1) Section 1983: The Court DENIES the Motion as to Plaintiff's claim against Defendant Olds for gender discrimination, GRANTS the Motion as to her retaliation claim under the Equal Protection Clause against Defendants Olds and Blewett WITH PREJUDICE, GRANTS the Motion WITH PREJUDICE to the extent she asserts a retaliation claim under Title XI, and GRANTS the Motion WITHOUT PREJUDICE in all other respects;

(2) Racial Harassment: The Court GRANTS the Motion WITH PREJUDICE to the extent she bases her claim on her demotion, and WITHOUT PREJUDICE in all other respects;

(3) Section 12940(k): The Court DENIES the Motion as to Plaintiff's claim of gender discrimination against Defendant VVWRA, GRANTS the Motion WITH PREJUDICE as to Defendants Olds and Blewett, and GRANTS the Motion WITHOUT PREJUDICE in all other respects; and

(4) Section 12940(a): The Court DENIES the Motion as to Plaintiff's claim of gender discrimination against Defendant VVWRA, GRANTS the Motion WITH PREJUDICE as to Defendants Olds and Blewett, and GRANTS the Motion WITHOUT PREJUDICE in all other respects.

For the reasons stated above, the Court GRANTS in part and DENIES in part Defendants' Motion to Strike.  Having construed it as a motion to dismiss, the Court GRANTS the Motion as to Plaintiff's claim for punitive damages WITH PREJUDICE against Defendant VVWRA and WITHOUT PREJUDICE against Defendants Olds and Blewett.

Hence, Plaintiff may file her Second Amended Complaint, if any, no later than April 11, 2016, and may amend only the following claims:

(1) Section 1983: her <u>Monell</u> claims against Defendant VVWRA, her claims of race discrimination against Defendants Olds and Blewett, and her claim of gender discrimination against Defendant Blewett;

(2) Racial Harassment: her claim of racial harassment against Defendant Blewett;

(3) Section 12940(k): her claim of failure to prevent racial harassment against Defendant VVWRA;

(4) Section 12940(a): her claim of race discrimination against Defendant VVWRA; and

(5) Punitive Damages: her claims for punitive damages against Defendants Olds and Blewett.

**IT IS SO ORDERED.**

Dated:   3/25/16

_____
Virginia A. Phillips
United States District Judge

1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

10

11   ANGELITA "ANGELA" VALLES,          Case No. 5:15-cv-02297-VAP-SP
     an individual;                     Assigned to Hon. Virginia A. Phillips
12
                 Plaintiff,
13                                       **[PROPOSED] ORDER GRANTING**
                                         **DEFENDANTS' MOTION TO TAKE**
14   vs                                  **JUDICIAL NOTICE OF COURT**
                                         **ORDER RE RULING ON MOTION TO**
15                                       **DISMISS PLAINTIFF'S FIRST**
                                         **AMENDED COMPLAINT**
16   VICTOR VALLEY
     WASTEWATER RECLAMATION
17   AUTHORITY "VVWRA"; a Joint          [Fed. R. Evid., 201.]
     Powers Authority and Public Agency
18   of the State of California; LOGAN   DATE:        June 6, 2016
     OLDS, an individual; RUSS          TIME:        2:00 p.m.
19   BLEWETT, an individual; and        COURTROOM: 780
     DOES 1-10, inclusive,
20
21               Defendants.

22

23   **TO THE COURT, THE PARTIES, AND THEIR ATTORNEYS:**

24         The Motion to Take Judicial Notice of this Court's Order on March 25, 2016

25   regarding the motion to dismiss the    First Amended Complaint of plaintiff,

26   ANGELITA   "ANGELA"   VALLES   by   Defendants,   VICTOR   VALLEY

27   WASTEWATER RECLAMATION AUTHORITY ("VVWRA"), a public entity;

28
                                    1
     **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO TAKE**
                        **JUDICIAL NOTICE**

1  LOGAN OLDS ("Olds"), a public entity employee; and RUSS BLEWETT

2  ("Blewett"), a public entity employee, (collectively herein referred to as

3  "Defendants") was heard on June 6, 2016, at 2:00 p.m., in Courtroom 780, by this

4  Court.   Having considered all papers filed in support and in opposition of the

5  Motion, arguments of counsel, and all other pleadings and papers on file, the Court

6  finds as follows:

7       1.    This Court takes Judicial Notice of its Order dated March 25, 2016

8  regarding its ruling denying and granting in part Defendants' motion to dismiss

9  Plaintiff's first amended complaint.

10      Good cause appearing therefore, **IT IS HEREBY ORDERED THAT**:

11      1.    Defendants' Motion to Take Judicial Notice is **GRANTED**.

12

13  DATED:_____, 2016

14                                          _____
                                            The Honorable Virginia A. Phillips
                                            United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO TAKE
JUDICIAL NOTICE**